IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 09-cr-30033-MJR |
| MELVIN L. DIXON, | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

In August 2009, Melvin Dixon pled guilty to being a convicted felon in unlawful possession of a firearm. Following a continuance to permit counsel to file legal memoranda, the undersigned Judge sentenced Dixon April 2, 2010. The sentence included 96 months in prison, 3 years of supervised release, a $300 fine, and a $100 special assessment. Judgment was entered April 7, 2010. No appeal was taken.

Eleven months later, Dixon moved to reduce his term of imprisonment, arguing that: (a) he completed a drug treatment program while incarcerated, (b) he had taken other courses offered at FCI-Marianna, (c) he was advancing in age and wished to spend quality time with his family, and (d) he was having health issues. The Government opposed the motion, maintaining that no authority existed for the Court to grant the relief sought by Defendant Dixon.

On March 18, 2011, this Court denied (for lack of subject matter jurisdiction) Dixon's motion. The undersigned Judge explained that district courts have limited power to revisit sentences after they are imposed, and Dixon had not

1

identified any ground upon which this Court could reduce his sentence. *See United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003)("Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule."). The Court further noted that it could not discern any basis for the relief sought by Dixon – not 18 U.S.C. 3582(c), not Federal Rule of Criminal Procedure 35, and not any other federal statute or rule.

On May 6, 2011, Defendant Dixon filed a second motion to reduce sentence, this time seeking a "downward departure and variance under § 3553(a)" (Doc. 63). Generously construed, the May 6th motion advances four arguments. First, a court should not erect unnecessary procedural barriers to a pro se litigant and, instead, should liberally construe a pro se litigant's pleadings. Second, subject matter jurisdiction can never be forfeited or waived. (Apparently, Dixon makes this point to contest this Court's conclusion that it lacked subject matter jurisdiction in the Spring of 2011 to reduce the sentence imposed in the Spring of 2010). Third, Dixon is housed in FCI-Marianna (in Florida), and this Court has the "administrative means" to summon him here and acquire "the body of the defendant" to personally appear on this motion (*id.*, p. 2).

Fourth, especially since the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005), holding that the United States Sentencing Guidelines are advisory rather than mandatory, district courts must impose a sentence which is no greater than necessary to meet the goals of sentencing (affording adequate deterrence, protecting the public from further crimes, etc.). In that

2

process, the sentencing court must consider *all* of the § 3553(a) factors, not just some of them and not just the Sentencing Guidelines (Doc. 63, p. 4). This Court should consider Dixon's in-prison educational accomplishments and the other factors he advanced in re-determining Dixon's sentence.

Liberally interpreted, these arguments do not support a reduction of Defendant's sentence. First, the Court has <u>not</u> interposed any undue obstacles to Dixon's pro se filing of motions in this closed criminal case. As the March 2011 Order clearly stated, the undersigned Judge not only examined the precise grounds mentioned by Defendant Dixon but also attempted to discern on its own any other ground on which relief might be available to Dixon. That examination disclosed no basis (rule, statute, or otherwise) on which to reduce Dixon's sentence.

The Bureau of Prisons has not sought a reduction (permitting this Court to take action under 18 U.S.C. 3582(c)(1)(A)). There was no "arithmetical, technical or other clear error" in the sentence (permitting the Court to correct or reduce the sentence under Federal Rule of Criminal Procedure 35(a), even if that deadline had not been blown). The Government has not moved to reduce Dixon's sentence for substantial assistance investigating or prosecution another person (permitting this Court to take action under Federal Rule of Criminal Procedure 35(b)). And Dixon is not otherwise eligible for a reduction under 18 U.S.C. §3582(c)(2) which authorizes a reduction under limited circumstances (e.g., if the United States Sentencing Commission retroactively lowered the guideline range applicable to the defendant, as it chose to do with certain crack cocaine offenses).

3

Second, the fact the Court enjoyed subject matter jurisdiction over the underlying criminal prosecution does not mean the Court continues, for months and years post-sentencing, to enjoy subject matter over freshly-filed motions in a closed case.

The United States Court of Appeals for the Seventh Circuit, in describing "common barriers to sentence modification," has emphasized that unless certain conditions are met, a district court lacks subject matter to consider a request to reduce or modify a criminal sentence. *United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009). *See also United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008)("**Generally, district courts lack subject-matter jurisdiction to revisit sentences already imposed upon defendants;**" **a district court is empowered to grant a sentence reduction under § 3582(c)(2) only for a narrow class of cases in which the "guideline range has subsequently been lowered by the Commission."**). Dixon's case does not fall within that class. And the power to order an inmate litigant (whether a prisoner plaintiff or a convicted Defendant) to appear for court hearings does not confer on the Court subject matter jurisdiction that is otherwise absent.

Finally, as to *Booker* and the § 3553(a) sentencing factors, Defendant Dixon makes several correct statements of law, but they do nothing to support his motion to reduce sentence. In sentencing Dixon in April 2010, the undersigned Judge considered the § 3553(a) factors and was well aware of the *Booker* decision. The Court imposed a sentence it determined to be sufficient but not greater than necessary to comply with the goals and purposes of § 3553. Dixon's May 6, 2011

4

motion simply rehashes the arguments presented in his earlier motion to reduce sentence. He has shown, and the Court knows of, no basis on which the undersigned Judge can or should reduce his sentence.

Accordingly, the Court DISMISSES for lack of subject matter jurisdiction Dixon's May 6, 2011 motion for "downward departure and variance under § 3553(a)" (Doc. 63).

IT IS SO ORDERED.

DATED May 27, 2011.

                                                  s/*Michael J. Reagan*
                                                  Michael J. Reagan
                                                  United States District Judge